FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BORISLAV IVANOV, | No. 07-73566 |
| Petitioner, | |
| | Agency No. A097-586-656 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010<sup>**</sup>

Before:      RYMER, McKEOWN, and PAEZ, Circuit Judges.

Borislav Ivanov, a native and citizen of Bulgaria, petitions for review of the

Board of Immigration Appeals' order summarily affirming an immigration judge's

("IJ") decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings of fact, and we review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review and remand.

When determining that Ivanov had not established eligibility for asylum and withholding of removal, the IJ did not consider several incidents of harm suffered by Ivanov because the IJ found there was insufficient evidence of government involvement. The IJ erred because affirmative state action is not necessary to establish eligibility for relief if the government is unable or unwilling to control the agents of persecution. *See Siong v. INS*, 376 F.3d 1030, 1039 (9thCir. 2004). Accordingly, because the IJ used an incorrect legal standard, we grant the petition for review and remand Ivanov's asylum and withholding of removal claims for further consideration. *See Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1251 (9th Cir. 2004) ("[W]e must grant a petition for review and, in an appropriate case, remand a case for further consideration when the denial of asylum was based on an error of law."); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**



Dissent:

Judge Rymer would deny the petition for review.